Stanard, J.
The record shews with satisfactory certainty, that in ascertaining the balance for which the jury’s verdict was rendered, Shores was not credited for the payment of 1200 dollars confessedly received by the party for whose benefit the suit at law was prosecuted, nor was he credited for more than 203 dollars of the amount of the lien of Forbes attorney in fact of Snodgrass ; that on the trial of the case before the jury, both parties treated the amount of assets of Pasteur's estate, retained by Shores the administrator of Pasteur on account of his claim on the bond to indemnify him against *9 the said claim of Forbes, as a satisfaction pro tanto of that bond; and that the amount of the said lien of Forbes on the land purchased by Shores (being two thirds of the entire claim of Forbes) though not precisely shewn, was from 1800 to 2000 dollars. These facts are proved, 1st, by the statement of the appellee’s claim on the covenant, which, excluding the credit for the payment of 1200 dollars, and the lien of Forbes, exhibits a balance of a little upwards of 2100 dollars. 2dly, By the statement shewing the manner in which the balance for which the verdict was rendered wms ascertained. 3dly, By the uncontradicted allegations of the bill. 4thly, By the admission of the answer, that the entire claim of Forbes was about 300 dollars. I am also satisfied, that in the adjustment of the credit which was allowed against the amount found by the verdict, the said sum of 203 dollars only was taken into account, as resulting from the lien of Forbes, and the residue of the lien was considered as covered by the assets retained of Pasteur's estate, so that the Wares have been charged with but the said 203 dollars on account of that lien. The judgment at lawq then, placed the parties in this predicament : Shores was indebted on his own account to the Wares in the amount of the judgment at law, and the Wares were indebted to Shores as administrator of Pasteur, in the amount of the assets of Pasteur's estate, that he had by retainer applied in part satisfaction of the claim on Pasteur as the surety of the Wares in the indemnifying bond : and such is still their predicament, if the retainer by Shores of the assets of Pasteur's estate has not been disturbed by other creditors of Pasteur, having claims of higher dignity than the claim on the indemnifying bond. Were this still the predicament of the parties, Shores as the administrator of Pasteur was rightly in a court of equity, to obtain satisfaction of a claim of Pasteur's estate for a payment made on a suretyship for the defendants, and at all events the bill ought *10 not to be dismissed. As the bill suggests that one of principals (John Ware) had removed from the cotnmonwealth and the other was insolvent, the plaintiff had further title to stay in his hands the amount due from him personally on the judgment in favour of the Wares, in part satisfaction of the claim of Pasteur's estate, and which might become the claim of Shores in his own right, if the assets of Pasteur are charged by debts of higher dignity than that of Shores on the indemnifying bond. The bill further suggests that suits of the creditors of Pasteur are depending, in which the assets retained by Shores are claimed. The success of those suits, so far as they might withdraw the retained assets, would reinstate the claim of Shores in his own right to retain the purchase money for which the judgment was rendered, and to offset it against the judgment; and this arising since the rendition of the judgment, was an ample foundation for the title to relief in a court of equity. Had there been no other foundation for relief, the court below ought not to have dismissed the bill, but should at least have retained the injunction until the fate of the pending suits was ascertained, and to the extent that the assets retained might be charged by other creditors of Pasteur, have pérpetuated the injunction. On the whole, my opinion is that the decree is erroneous, and ought to be reversed with costs, and the following entered as the decree of this court:
“ The court is of opinion that it appears with sufficient certainty, that on the trial of the action in which the judgment injoined in this case was rendered, no credit was given to the appellant in respect of the lien of Forbes attorney in fact of Snodgrass, except the sum of 203 dollars 82 cents, credited, in the statement by which the jury ascertained the balance for which the verdict was rendered, as the excess of that lien above the assets of Pasteur's estate retained by the appellant as the administrator of Pasteur, in virtue of his claim *11 on Pasteur as the surety in the indemnifying bond ; and that the sum agreed as a credit against the amount of the verdict, was for the omission of the jury to credit the appellant 1200 dollars paid by him when the indemnifying bond was given, and for miscalculations of payments made by the appellant to the Wares, and did not include any allowance for the lien of Forbes. The court is further of opinion that instead of dissolving the injunction and dismissing the bill, the court below should have directed a commissioner to ascertain the amount of Forbes's lien, whether discharged by Shores or still outstanding, and the amount of the assets of Pasteur's estate that was retained by the appellant to indemnify or reimburse him for the lien of Forbes, and the amount (if any) that other creditors of Pasteur may have charged on the assets so retained ; that for the amount of the assets so retained, so far as they have not been charged by creditors of Pasteur, the principals in the indemnifying bond (John Ware and Washington Ware) are responsible to the appellant as the administrator of Pasteur, and so far as they may have been charged by other creditors, are responsible to the appellant in his own right, and the appellant is entitled to set off these responsibilities (first, that which may accrue in his own right, and then that accruing to him as administrator of Pasteur) against the judgment, and have a perpetual injunction to the judgment to the extent of such setoff) and, for the excess (if any) of the said responsibilities above the judgment, to a decree against the said principals in the indemnifying bond, in the right in which such excess may be due to him; and that the said decree is erroneous. Decree therefore reversed with costs, injunction ordered to be reinstated, and cause remanded to circuit court for further proceedings to be had therein in conformity with the foregoing principles.”
The other judges concurring, decree entered accordingly.